PER CURIAM.
This cause came on to be heard on the writ of habeas corpus heretofore entered and the return thereto by the attorney general. On reading these instruments with exhibits thereto, we are convinced that the petition is without merit. Despite the allegations of the petitioner, the exhibits show that petitioner entered pleas of guilty to six informations charging him with forgery (misdemeanors because the amounts of the checks were less than $100). October 3, 1960, -petitioner was sentenced to serve 120 days for each said offense, sentences to run consecutively. October 12, 1960, after sentences were imposed, petitioner moved the court for permission to withdraw his pleas of guilty to the six informations and substitute therefor pleas of not guilty. The court denied said motion. Subsequently, petitioner was informed against for five additional forgeries. He first entered pleas of not guilty and demanded trial by jury, but on the day of trial he changed the not guilty pleas to guilty as charged. The court imposed sentences for these additional forgeries to run concurrently with the sentences imposed October 3, 1960. There is nothing in the record to suggest that the petitioner did not freely and voluntarily enter the guilty pleas to the six initial informations. The sentences imposed upon petitioner were not excessive. The court properly denied petitioner’s motion to withdraw his pleas of guilty to the informations after sentences had been imposed. The petitioner is therefore lawfully detained and restrained of his liberty.
It follows that the petition for and the writ of habeas corpus must be, and is hereby, discharged.
THOMAS, C. J., and TERRELL, HOB-SON, THORNAL and O’CONNELL, JJ., concur.